IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PPV CONNECTION, INC.,

      Plaintiff

        v.

REYNALDO ORTIZ, et al.,

      Defendants

CIVIL NO. 07-1791 (JP)

**DEFAULT JUDGMENT ON DAMAGES**

Before the Court is Plaintiff PPV Connection's ("PPVC") motion for default judgment (No. 38) against the following Defendants:

(1)   John Doe, his wife Jane Doe, and the conjugal partnership between them, d/b/a Restaurante El Caviar;

(2)   Naydy Velázquez, her husband John Doe, and the conjugal partnership between them, d/b/a El Faro;

(3)   Georgina Peña-Paulino, her husband John Doe, and the conjugal partnership between them, d/b/a El Flamboyán;

(4)   Israel Echevarría, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Gallito Sport;

(5)   John Doe, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Giro Pub;

(6)   Sam Esedín, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Mangó;

CIVIL NO. 07-1791 (JP)          -2-

    (7)  Luis Román, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Negocio de Luis;

    (8)  Ana Vega, her husband John Doe, and the conjugal partnership between them, d/b/a El Nuevo Moroco;

    (9)  Gabriel Alvarado-Figueroa, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Puerto Bar;

  (10)  José Hernández-García, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Pulpo Loco;

  (11)  Ismael Ruiz, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Retorno;

  (12)  Charlie Améstico, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Rincón Budweiser.

Plaintiff PPVC filed the instant lawsuit on August 28, 2007, against seventeen establishments, their alleged owners, and the alleged owners' spouses and conjugal partnerships. Plaintiff alleges that on June 9, 2007, Defendant establishments unlawfully intercepted Plaintiff's closed circuit broadcast of the boxing match between Miguel Cotto and Zabdiel Judah. The Court has twice entered partial judgments at Plaintiff's behest, dismissing numerous Defendants (Nos. 29, 39) so that only the above-named Defendants remain. The Clerk of the Court entered Default against them on February 29, 2008 (Nos. 30-35).

In Plaintiff PPVC's motion for default judgment, PPVC attached affidavits from auditors who visited each place of business as owned

CIVIL NO. 07-1791 (JP)          -3-

by the above-named Defendants (No. 38) on the day of the boxing match. The affidavits, *inter alia,* detail the number of patrons counted, the number of televisions, and which part of the copyrighted transmission was being shown. Plaintiff PPVC also attached a statement under penalty of perjury by Fernando J. Gierbolini, Plaintiff's attorney, attesting to the amount of attorneys' fees and costs incurred by Plaintiff. The statement sets forth the expense of $12,325.00 for attorneys' fees (eighty-five hours at a rate of $145.00 per hour). The statement also sets forth the amount of litigation costs, totaling $1,920.00, which is comprised of the following: $350.00 filing fee; $1,020.00 for service of process; and $550.00 for photocopies and postage.

Because the aforementioned Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-275 (D.P.R. 2002); see also Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). Therefore, the only issue remaining for consideration is the amount of damages. See Quirindongo Pacheco v. Rolón Morales, 953 F.2d 15, 16 (1st Cir. 1992); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 444 (1983) (citing Thomson v. Wooster, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1985)). Moreover, "once the entry of

CIVIL NO. 07-1791 (JP)          -4-

a default establishes the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages." See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).

Plaintiff PPVC prays for damages pursuant to Section 553 of the Communications Act of 1934. Section 553 states that "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). Section 553 further allows for recovery of costs, including reasonable attorneys' fees to an aggrieved party who prevails. Id. at § 553(c)(2)(c).

In light of the above, the Court makes the following specific findings as to each Defendant:

1) According to the sworn statement subscribed by William Feliciano-Román, who visited El Gallito Sport on the day of the fight, there were approximately twenty-three persons inside the establishment and one television displaying the fight. The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)**[1] in costs against Defendant Israel Echevarría, his wife Jane Doe, and the conjugal partnership

---

1.    Attorneys fees and costs were determined by dividing the total expenses ($12,325.00 and $1920.00, respectively) equally between the twelve establishments listed in this Judgment.

CIVIL NO. 07-1791 (JP)          -5-

between them, d/b/a El Gallito Sport, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

2)   According to the sworn statement subscribed by Daniel Alvarado-Alicea, who visited Restaurante El Caviar on the day of the fight, there were approximately thirty-five persons inside the establishment and three televisions displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant John Doe, his wife Jane Doe, and the conjugal partnership between them, d/b/a Restaurante El Caviar, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

3)   According to the sworn statement subscribed by Daniel Alvarado-Alicea, who visited El Faro on the day of the fight, there were approximately seventy-three persons inside the establishment and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **three hundred and fifty dollars ($350.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Naydy Velázquez, her husband John Doe, and the conjugal partnership between them, d/b/a El Faro, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

CIVIL NO. 07-1791 (JP)          -6-

4) According to the sworn statement subscribed by Daniel Alvarado-Alicea, who visited El Flamboyán on the day of the fight, there were approximately thirty-two persons inside the establishment and one television displaying the fight. The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Georgina Peña-Paulino, her husband John Doe, and the conjugal partnership between them, d/b/a El Flamboyán, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

5) According to the sworn statement subscribed by Ángel L. López-Mena, who visited El Giro Pub[2] on the day of the fight, there were approximately twenty persons inside the establishment and one television displaying the fight. The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against John Doe, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Giro Pub, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

---

2.    Angel L. López Mena described this establishment as "El Cairo Pub." The Court understands this to be a spelling error, and that Angel L. López Mena intended to describe El Giro Pub.

CIVIL NO. 07-1791 (JP)          -7-

6)   According to the sworn statement subscribed by Mario A. Ramos-Martínez, who visited El Mangó on the day of the fight, there were approximately fifty-five persons inside the establishment and one television displaying the fight.   The Court **AWARDS** Plaintiff **three hundred and fifty dollars ($350.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Sam Esedín, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Mangó, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

7)   According to the sworn statement subscribed by Ismael Areizaga-Méndez, who visited El Negocio de Luis on the day of the fight, there were approximately twenty-five persons inside the establishment and one television displaying the fight.   The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Luis Román, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Negocio de Luis, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

8)   According to the sworn statement subscribed by Fernando Ocasio-Cajigas, who visited El Nuevo Moroco on the day of the fight, there were approximately eighty-nine persons inside the establishment

CIVIL NO. 07-1791 (JP)          -8-

and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **three hundred and fifty dollars ($350.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Ana Vega, her husband John Doe, and the conjugal partnership between them, d/b/a El Nuevo Moroco, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

9)    According to the sworn statement subscribed by Fernando Ocasio-Cajigas, who visited El Puerto Bar on the day of the fight, there were approximately sixty persons inside the establishment and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **three hundred and fifty dollars ($350.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Gabriel Alvarado-Figueroa, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Puerto Bar, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

10)    According to the sworn statement subscribed by José Blasco-Figueroa, who visited El Pulpo Loco on the day of the fight, there were approximately twenty persons inside the establishment and one television displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred**

CIVIL NO. 07-1791 (JP)          -9-

**sixty dollars ($160.00)** in costs, against Defendant José Hernández-García, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Pulpo Loco; and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

11)  According to the sworn statement subscribed by Ángel L. López-Mena, who visited El Retorno on the day of the fight, there were approximately eight persons inside the establishment and one television displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Ismael Ruiz, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Retorno; and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

12)  According to the sworn statement subscribed by José Blasco-Figueroa, who visited El Rincón Budweiser on the day of the fight, there were approximately seventy persons inside the establishment and three televisions displaying the fight.  The Court **AWARDS** Plaintiff **three hundred and fifty dollars ($350.00)** in damages, plus **one thousand twenty-seven dollars ($1,027.00)** in attorneys' fees and **one hundred sixty dollars ($160.00)** in costs, against Defendant Charlie Améstico, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Rincón Budweiser; and

CIVIL NO. 07-1791 (JP)            -10-

**ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

It is expressly directed that this Judgment shall be entered as final against the stated Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of November, 2008.


                                        s/Jaime Pieras, Jr.
                                      JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE